UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HELLER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 08-4701 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　　Edward Heller filed this action on July 22, 2008.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on October 31 and November 10, 2008.  (Dkt. Nos. 8, 9.)  On April 6, 2009, the parties filed a Joint Stipulation ("J.S.") that addressed a disputed issue.  The Court has taken the matter under submission without oral argument.

　　　　Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this opinion.

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

On April 12, 2006, Heller filed an application for Supplemental Security Income benefits alleging a disability onset date of March 1, 2000. A.R. 10. The applications were denied initially and upon reconsideration. *Id.* An Administrative Law Judge ("ALJ") conducted a hearing on January 14, 2008, at which Heller and a vocational expert ("VE") testified. A.R. 22-35. On January 24, 2008, the ALJ issued an unfavorable decision. A.R. 10-13. On May 27, 2008, the Appeals Council denied Heller's request for review. A.R. 1-4.

This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

Heller has a severe impairment of severe, bilateral Dupuytren's contracture.[1]  A.R. 12.  Heller has the residual functional capacity ("RFC") "to perform light work with occasional handling and fingering of the upper extremity." *Id.* Heller is unable to perform his past relevant work. *Id.* However, there are jobs Heller can perform, including counter clerk or laminate Order (sic). A.R. 13.

### C. The RFC

The RFC determination measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The RFC represents "the most [an individual] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e)(2). The RFC takes into account both exertional limitations and non-exertional limitations. "When there is conflicting medical evidence, the Secretary must determine credibility and resolve

---

[1] "Dupuytren's contracture is an uncommon hand deformity in which the connective tissue under the skin of your palm contracts and toughens over time. Knots of tissue form under the skin, eventually forming a thick cord that can pull one or more of your fingers into a bent position. Once this occurs, the fingers affected by Dupuytren's contracture bend normally but they can't be straightened completely, making it difficult to use your hand." J.S. 3 n.1 (quoting http://www.mayoclinic.com/health/dupuytrens-contracture/DS00732).

the conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and internal quotation marks omitted).

Heller argues that, based on the medical evidence, Heller cannot perform occasional handling and fingering.[2]  Heller argues that a more restrictive handling and fingering limitation would result in a finding of disabled.  J.S. 4-5.

Heller's focus is on the consultative examining orthopedist's report dated June 1, 2006.  A.R. 128-31.  With respect to Heller's hands, Dr. Bleecker concluded:  "He would have difficulty using his hands for any type of gross or fine activities due to the lack of motion that is present."  A.R. 131.  The ALJ relied on Dr. Bleecker's report.  A.R. 11.[3]

When Heller was seen at the Venice Family Clinic on November 22, 2005, a physical exam revealed that he had "severe limitation of movement of both hands."  A.R. 121.  When Heller was seen at the Harbor-UCLA Medical Center on February 1, 2006, the nurse stated that Heller's hand grip was within normal limits but he had limited extension of his fingers.  A.R. 123.  The nurse also found that Heller would "likely need surgery in future."  *Id.*

"'Occasionally' means occurring from very little up to one-third of the time." SSR 83-10, available at 1983 WL 31251, *5.  As an example, the agency states: "Since being on one's feet is required 'occasionally' at the sedentary level of

---

[2] "Handling" involves "seizing, holding, grasping, turning or otherwise working primarily with the whole hand."  Social Security Ruling ("SSR") 85-15, available at 1985 WL 56857.  "Fingering" involves "picking, pinching, or otherwise working primarily with the fingers."  *Id.* at *7.  The "loss of fine manual dexterity narrows the . . . light ranges of work much more than it does the medium, heavy, and very heavy ranges of work."  *Id.*

Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

[3] The ALJ also noted that a different agency doctor, who did not examine Heller but clearly used Dr. Bleecker's report as the only source of his determinations, found that Heller's "[f]ine manipulation with either hand limited to occasionally."  A.R. 135, 132-37, 11.

4

exertion, periods of standing or walking should generally total no more than 2 hours of an 8-hour workday." *Id.*

There is no substantial evidence in the record indicating that Heller can perform handling or fingering for two hours in an 8-hour workday.[4]  The VE testified that if Heller's limitation on handling and fingering was less than occasional, he was precluded from any work at the light level.  A.R. 33.  The VE testified that at the sedentary level, there would be fewer than ten jobs.  A.R. 34.  Heller argues that because the VE's testimony precludes anything but sedentary work, in light of Heller's age, education, and work experience, a finding of disabled is required pursuant to 20 C.F.R., Pt. 404, Subpt. P, Rule 201.14.  J.S. 5.  Rule 201.14 applies to claimants who (1) are closely approaching advanced age; (2) are at least a high school graduate; and (3) have previous skilled or semiskilled work experience with transferable skills.  The ALJ found that Heller was closely approaching advanced age and had a high school education; however, he did not find whether Heller had transferable skills because it wasn't material to a determination on the light work grid.  A.R. 13.  Whether the claimant has transferable skills or not, the light work grid would find Heller not disabled. *See* Rules 202.14 & 202.15.  However, with respect to sedentary work, Rule 201.15 applies if Heller's skills are not transferable and dictate a finding of *not* disabled.

Accordingly, this matter must be remanded to determine whether Heller has transferable skills.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).  If, on remand, the ALJ finds that Heller does *not* have transferable skills to a sedentary job, the ALJ must award benefits.

///

---

[4] According to a questionnaire Heller completed on April 29, 2006, he is unable to drive for longer than half an hour.  A.R. 93.  He also says he needs assistance in doing chores for "anything that uses the use of my hands." *Id.*  The ALJ did not comment on Heller's statements in the questionnaire.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the matter is remanded to the Commissioner for proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 14, 2009

                                            ALICIA G. ROSENBERG
                                            United States Magistrate Judge